Bentley, J.
In this case there is a motion to dismiss the appeal which was attempted to be made by the plaintiff below from the judgment of the court of common pleas.
It appears by the petition in the case that the city began an action to condemn certain property for the purpose of improving a certain street in the city, and the plaintiff in this case, Ellen A. Coughlin, was the owner of certain property sought to be thus appropriated, and in the inquiry under the statute had in the probate court, she was awarded a certain sum as damages, and a judgment in that condemnation case was rendered in her favor by the probate court.
Afterwards the city passed an ordinance, not having funds in the treasury to pay these damages awarded in the condemnation proceedings, by which ordinance it was provided that certificates of indebtedness should be issued by the city, bearing interest, and that they should be delivered to parties in whose favor these condemnation judgments were rendered, and that they should be taken in payment of the special assessment levied for the improvement, for which these certificates are issued, after the city shall have been reimbursed for its expenses, as provided by the ordinance. It is provided in the ordinance that the assessments for this improvement should be made and collected, and that the expenses to which the city should be put, by reason of the improvement, should be first paid out of such collections, and that then these certificates of indebtedness should pay for the property condemned; that is, said judgments should be paid out of the balance of such collections pro rata.
It does not appear affirmatively in the petition, except by inference, that the property thus condemned was actually taken and entered upon by the city or put to the use specified. The plaintiff says that “on the 10th of July, 1886, the said defendant then being desirous of acquiring title to said property so appropriated for said public street, and then being without money to pay therefor within the time required by law and take possession of the funds so appropriated, proceedd to induce this plaintiff to take a certificate of indebtedness, known as certificate number 21, for the sum of $---, of which the following is a true and correct copy, with all credits, payments and endorsements thereon. Then follows the certificate of indebtedness which contains the provisions specified in the ordinance under which it was issued. The petition sets forth that certain payments have been made to her upon that certificate, but the same has not *682 been paid in full. And she further says in the petition that “she then and there took said certificate only to hold until such time as the city, by the exercise of due care and diligence, should make valid assessments which it was bound to make to make for said improvement, and collect the same and pay this plaintiff the amount due her therefor. Plaintiff says that at the time of making said improvement, or at the time when the assessment was made, or ought to have been made, said city of Toledo, through its proper officers, had the right and authority to make a valid and legal assessment, etc., upon the lots and lands abutting on said street so improved, and that the said city had the right also to levy and assess the same upon the general tax duplicate of all real and personal property. The plaintiff says that the defendant has collected more than a sufficient amount to reimburse itself for the cost and expense of said improvement, but that she has no means of ascertaining whether or not the whole cost and expense, including the amount due this plaintiff, has been assessed and collected by the defendant, or not, and it has been in consequece of the negligence and indifference, and in disregard of the rights of this plaintiff and others in this behalf.”
Then she alleges the passing of the ordinance which provided that all money collected by said city on any assessment made for the purpose of said certificates, shall be paid out and applied pro rata on each and all certificates so issued to said property owners for lots and lands so taken, and she says that said defendant has, in fact, collected large sums of money by which the terms of said ordinance providing for the issuing of said certificates, ought to have been paid and applied pro rata thereon, but that said defendant has wholly disregarded said provision in said ordinance.
She avers that she has, for upwards of two years, last past, repeatedly requested and demanded payment of her certificate from the city, which has been refused. She says she is still the owner of this certificate, and that there is now due and payable upon said certificate of indebtedness the sum of $797.07, which the plaintiff claims.
The prayer of the petition is: “Wherefore said plaintiff asks that said defendant be required to set forth the amount of assessments which it may heretofore have made for the expense of opening said Wabash street, for the payment of awards on real estate appropriated therefor, and for the payment of certificates of indebtedness issued therefor, and that the court will take account thereof and that the defendant *683 may also be required to set forth the several amounts, to whom the same was paid, upon what certificate, and the number and amount of said certificates and to whom they were issued. And the plaintiff further asks that she might recover a judgment against the said defendant in the sum of $797.07, which plaintiff claims, with interest thereon - at six per cent, per annum from the 21st of June, 1890.”
An answer was filed by the city,and the case went to trial, and a certain judgment was rendered in the court of common pleas.
The plaintiff below, as .1 say, attempted to appeal the case to this court, and the question is whether this is an appeal-able case under the statute. It will be seen that the petition counts, for the most part,for a recovery upon the certificate of indebtedness. She says that she “was induced to take it,” and there is no charge but that she did accept it, and the certificate of indebtedness provided plainly upon its fact that it should be received in a certain way and for a certain purpose. She says that having received it, she obtained certain payments upon it, and that she is still the owner and holder of it, and that because the city has not complied with the terms of it and the ordinance under which it was issued, she has not been paid, and she asks judgment against the city for a definite sum, adding by interlineation in the petition at the close of it, that “there is due her upon said certificate of indebtedness and upon said judgment the sum of $797.07.”
The case might be considered under two aspects, namely, it might be claimed that that judgment was never satisfied; that it was a debt created against the city -which had never been paid, and that it ought to be paid ; that the acceptance of this certificate of indebtedness ivas only a sort of temporary arrangement, as it were, and that the judgment, so far as the certificate is unpaid,' should be considered unpaid.
The other phase of the matter which might be claimed to be the true one to be considered, would be that the claim of the plaintiff was wholly upon the certificate of indebtedness and the failure of the city to comply with its terms.
Noiv, in either aspect of the case, what was the nature of the issue presented to the court of common pleas, and what the proper remedy? In case the fact should be inferred'that the land had been taken and not paid for by the city, the judgment would have been properly a judgment for so much money,and the action would be an action at law. If, on the other hand, it should be considered that the real cause of *684 utie plaintiff ivas upon the certificate of indebtedness, what would be the proper judgment?
The prayer of the petition is for a money judgment for a certain and definite amount. If the petition is true, what judgment could have been rendered properly in favor of the plaintiff, other than a judgment for money? It is sought to sustain this appeal partially upon the ground, at least, that the petitioner ivas unaware of the amount collected, and in support of her claims upon the certificate of indebtedness it would be necessary for her to ascertain the whole amount collected from the assessments, so that a court of equity could make the distribution provided for in the ordinance; that is, so that the plaintiff should have her pro rata share of the collections; but in that we do not see the foundation of a case necessarily in equity. After all that is done it would simply show that the plaintiff, under the terms of this certificate and ordinance, would be entitled to a certain sum of money. That would simply be the means of ascertaining the amount of money .for which the court should render judgment.
Now, this matter is supposed to be a public proceeding. There is no special reason indicated in the petition why it was impossible for the plaintiff to ascertain the amount of these collections. The public records would afford the facts necessary to determine the exact amount due the paintiff upon pro rata distribution of the collections to the holders of the certificates. But even if it should appear that she could not ascertain that without application to the city itself, the code has provided that a party may annex to his or her petition interrogatories which should be answered by the defendant, and the Supreme Court, in the case of Chapman v. Lee, has held that that provision of the code does away with the old action for a discovery, and the necessity for any such interrogatories attached to a pleading, does not necessarily make an action equitable in its nature; and we think that whether considered as an action upon the original judgment for the value of that land, or under the obligation specified in the certificate of indebtedness and in the ordinance, the claim of the plaintiff was manifestly and plainly a claim for money, and a judgment for so much money would have been, if the plaintiff prevailed, the proper final judgment in the matter; and this being so, of course, the case is not an appealable one, and the motion to dismiss the appeal must prevail.